UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: AMTRAK TRAIN DERAILMENT IN
PHILADELPHIA, PENNSYLVANIA, ON MAY 12, 2015  MDL No. 2654


**TRANSFER ORDER**


**Before the Panel:** Plaintiffs in four actions pending in the Eastern District of Pennsylvania move under 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Eastern District of Pennsylvania. This litigation currently consists of nineteen actions pending in the District of New Jersey, the Eastern and Southern Districts of New York, and the Eastern District of Pennsylvania, as listed on Schedule A. Additionally, the Panel has been notified of forty-five related actions pending in six districts.[1] All of the actions at issue assert claims for personal injury or wrongful death arising from the derailment of Amtrak Regional Rail Train No. 188 on May 12, 2015, in Philadelphia, Pennsylvania.

Plaintiffs in four actions and four potential tag-along actions pending in the Eastern District of Pennsylvania, as well as Defendant National Railroad Passenger Corporation (Amtrak), support the motion. Plaintiffs in two actions pending in the Southern District of New York oppose centralization, as do plaintiffs in a potential tag-along action pending in the Eastern District of New York.[2] The plaintiffs opposing centralization argue that centralization of this litigation is unnecessary because Amtrak has stated in court filings that it will not contest its liability for compensatory damages resulting from the derailment. They contend that, as a result of this concession, the only issues left to be resolved are plaintiffs' individual claims for damages, a plaintiff-specific factual inquiry.

We are not persuaded by the opponents' arguments. Although Amtrak has conceded liability for compensatory damages, it has not conceded liability for punitive damages, which are sought by plaintiffs in most of the actions. Thus, common discovery relating to the circumstances of the derailment likely will be necessary for plaintiffs to establish the factual predicates for an assessment

---

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[2] Plaintiffs in two potential tag-along actions pending in the District of New Jersey initially opposed centralization, but withdrew their opposition shortly before the Panel's October 1, 2015 Hearing.

-2-

of punitive damages. Additionally, all plaintiffs may be subject to a statutory cap on the aggregate allowable award to all rail passengers arising from a single accident, inclusive of punitive damages. *See* 49 U.S.C. § 28103. In these circumstances, consolidation or coordination before a single judge likely will yield significant efficiency and cost benefits for both the parties and the courts.

Accordingly, on the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact, and that centralization of this litigation in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of the derailment of Amtrak Regional Rail Train No. 188 on May 12, 2015, near the Frankford Junction in Philadelphia, Pennsylvania. All of the actions assert that Amtrak was negligent in its operation of Train No. 188, which reportedly was traveling over 100 miles per hour in an area of track subject to a speed limit of 50 miles per hour. Plaintiffs also fault Amtrak for failing to equip Train No. 188 with a Positive Train Control system, which they allege would have prevented the train from exceeding the speed limit. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Eastern District of Pennsylvania is the most appropriate transferee district for pretrial proceedings in this litigation. Of the sixty-four related actions of which the Panel has notice, thirty-five are pending in the Eastern District of Pennsylvania. The center of gravity of this litigation is located in this district, which is where the derailment occurred, the track at issue was maintained, and emergency medical services were provided. The Eastern District of Pennsylvania also is both convenient and accessible for the parties and witnesses, most of whom are located on the eastern seaboard. Finally, centralization in this district provides us the opportunity to assign the litigation to the Honorable Legrome D. Davis, an experienced jurist who we are confident will steer this litigation on a prudent course.

-3-

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the Eastern District of Pennsylvania are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Legrome D. Davis for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell    Charles R. Breyer
Lewis A. Kaplan        Ellen Segal Huvelle
R. David Proctor       Catherine D. Perry

IN RE: AMTRAK TRAIN DERAILMENT IN
PHILADELPHIA, PENNSYLVANIA, ON MAY 12, 2015    MDL No. 2654

## SCHEDULE A

<u>District of New Jersey</u>

PELLETT, ET AL. v. NATIONAL RAILROAD PASSENGER CORPORATION,
    C.A. No. 3:15−03792

<u>Eastern District of New York</u>

SHEVCHUK, ET AL. v. NATIONAL RAILROAD PASSENGER CORPORATION,
    ET AL., C.A. No. 1:15−03137

<u>Southern District of New York</u>

WALSH v. NATIONAL RAILROAD PASSENGER CORPORATION,
    C.A. No. 1:15−03861
SEIDLER, ET AL. v. NATIONAL RAILROAD PASSENGER CORPORATION, ET
    AL., C.A. No. 1:15−04068
JOHN v. NATIONAL RAILROAD PASSENGER CORPORATION, ET AL.,
    C.A. No. 1:15−04255
KULP, ET AL. v. NATIONAL RAILROAD PASSENGER CORPORATION,
    C.A. No. 1:15−04791

<u>Eastern District of Pennsylvania</u>

PHILLIPS, ET AL. v. NATIONAL RAILROAD PASSENGER CORPORATION
    (AMTRAK), C.A. No. 2:15−02694
BERMAN v. NATIONAL RAILROAD PASSENGER CORPORATION,
    C.A. No. 2:15−02741
IBAN, ET AL. v. NATIONAL RAILROAD PASSENGER CORPORATION,
    C.A. No. 2:15−02744
PICCIRILLO v. NATIONAL RAILROAD PASSENGER CORPORATION,
    C.A. No. 2:15−02762
KNOBBS, ET AL. v. NATIONAL RAILROAD PASSENGER CORPORATION,
    C.A. No. 2:15−02845
TULK, ET AL. v. NATIONAL RAILROAD PASSENGER CORPORATION, ET
    AL., C.A. No. 2:15−02849
BEDDOE, ET AL. v. NATIONAL RAILROAD PASSENGER CORPORATION, ET
    AL., C.A. No. 2:15−02861
GASPER v. NATIONAL RAILROAD PASSENGER CORPORATION,
    C.A. No. 2:15−03143

-A2-

**MDL No. 2654 Schedule A (Continued)**

    MCCANN, ET AL. v. NATIONAL RAILROAD PASSENGER CORPORATION
        (AMTRAK), C.A. No. 2:15−03259
    MACFARLAND, ET AL. v. NATIONAL RAILROAD PASSENGER CORPORATION,
        ET AL., C.A. No. 2:15−03342
    ZIGLAR v. NATIONAL RAILROAD PASSENGER CORPORATION,
        C.A. No. 2:15−03346
    RITTER, ET AL. v. NATIONAL RAILROAD PASSENGER CORPORATION,
        C.A. No. 2:15−03478
    STADNIK, ET AL. v. NATIONAL RAILROAD PASSENGER CORPORATION,
        C.A. No. 2:15−03495