IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: AMTRAK TRAIN DERAILMENT :
IN PHILADELPHIA, PENNSYLVANIA :
ON MAY 12 2015 :
  : MDL NO. 2654
────────────────────── : 15-md-2654
  :
This Document Relates to All Actions :
  :
────────────────────── :

CASE MANAGEMENT ORDER DATED OCTOBER 27, 2016

AND NOW, this 27th day of October 2016, it is ORDERED as follows:

1. The Court has considered the deaths and injuries suffered by the passengers of Amtrak Train 188 and/or their families as a result of the train's derailment on May 12, 2015; the maximum of $295 million that is available to provide for compensation of those persons as a result of the cap on Amtrak's liability established by federal law; and the present value of $295 million given the potential for years of protracted litigation before money can be distributed. In view of these considerations, the Court hereby approves the foregoing $265 million settlement program that has been negotiated between the Plaintiffs' Management Committee ("PMC") and Amtrak (the "Settlement Program").

2. The Settlement Program shall be available to (1) all persons who have filed a lawsuit arising from the derailment of Train 188 that is currently pending before this Court, and (2) all persons who have not yet filed suit and otherwise have not settled their claims with Amtrak ("Unfiled Passengers") and who file suit within the timelines identified in paragraph 7 of this Order (collectively, "Plaintiffs").

3. Amtrak shall promptly send written notices regarding this program to all "Unfiled Passengers." The notices shall advise the Unfiled Passengers, *inter alia*, that they have a right to

1

file a lawsuit and that filing a lawsuit by the deadline established in paragraph 7 would provide Unfiled Passengers the opportunity to participate in the Settlement Program.  The notices to be sent to Unfiled Passengers are attached as Exhibits A (Unfiled Passengers who are represented by counsel) and B (Unfiled Passengers whom Amtrak is unaware of representation by counsel).

4.     On or before <u>Monday, November 21, 2016</u>, all Plaintiffs shall submit to the PMC and the Court an executed Participation Agreement in which they elect to participate or not participate in the Settlement Program. An election to participate shall be binding. An unexecuted Participation Agreement is attached as Exhibit C. Plaintiffs shall submit their executed Participation Agreements to the PMC via email to MDL2654@klinespecter.com.

5.     Plaintiffs who elect to participate in the Settlement Program are "Participating Plaintiffs." All Participating Plaintiffs are subject to paragraphs 12 through 25 of this Order; they are not subject to paragraphs 26 through 29 of this Order.

6.     Plaintiffs who elect not to participate in the Settlement Program are "Non-Participating Plaintiffs." A Non-Participating Plaintiff shall submit to the PMC and the Court  (1) an executed Participation Agreement and (2) an executed Client Declaration. An unexecuted Client Declaration is attached as Exhibit D. By executing the Client Declaration, the Non-Participating Plaintiff confirms that he or she has the opportunity to participate in the Settlement Program, elects not to participate, and understands potential consequences of such an election set forth in the declaration. Non-Participating Plaintiffs are subject to paragraphs 26 through 29 of this Order; they are not subject to paragraphs 12 through 25 of this Order.

7.     If, following entry of this Order, but on or before <u>Tuesday, January 31, 2017</u>, an Unfiled Passenger files an action arising from the derailment of Train 188, Amtrak shall immediately notify the Court and the PMC of the newly-filed case. Amtrak also shall serve on

the newly-filed plaintiff a copy of (1) the Damages Questionnaire, to be completed by all Plaintiffs pursuant to this Court's Order entered on April 12, 2016 (Doc. No. 107), (2) the Scheduling Order entered on April 12, 2016 (Doc. No. 106); (3) the Order entered on August 17, 2016 (Doc. No. 134); (4) the Order entered on August 22, 106 (Doc. No. 136), and (5) the Order entered on September 21, 2016 (Doc. No. 139). The newly-filed plaintiff will be deemed among "Plaintiffs" as defined in paragraph 2. The newly-filed plaintiff may participate in the Settlement Program upon compliance with the following deadlines:

A.   Within 20 days of the date the new action is filed or transferred to the Court by the Judicial Panel on Multidistrict Litigation ("JPML"), the newly-filed plaintiff shall comply with paragraphs 4 and 6 of this Order and submit an executed Plaintiff Participation Agreement and additionally, if electing not to participate in the Settlement Program, an executed Client Declaration.

B.   Within 20 days of the date the new action is filed or transferred to the Court by the JPML, the newly-filed plaintiff shall provide a completed Damages Questionnaire to Amtrak and the Court, consistent with the Scheduling Order entered on April 12, 2016 (Doc. No. 106) and subsequent orders listed in paragraph 7.

C.   Within 40 days of the date the new action is filed or transferred to the Court by the JPML, the newly-filed plaintiff shall provide any damage expert reports to Amtrak and the Court, consistent with the Scheduling Order entered on April 12, 2016 (Doc. No. 106) and subsequent orders listed in paragraph 7.

3

D.   Within 60 days of the date the new action is filed or transferred to the Court by the JPML, all newly-filed plaintiffs who elected to become Participating Plaintiffs in accordance with paragraph 7A shall submit to the Court a memorandum described in paragraph 15.

8.      After <u>Tuesday, January 31, 2017</u>, Amtrak shall be prohibited from entering into a settlement agreement with any Plaintiff, whether a Participating Plaintiff or a Non-Participating Plaintiff.

9.      On or before <u>Tuesday, February 28, 2017</u>, Amtrak and its insurers shall tender $265,000,000.00 to a Court-supervised trust account less the following offsets:

A.   *Prior payment of medical and rehabilitation expenses*. Amounts that Amtrak has paid for a passenger's medical and rehabilitation care.

B.   *Prior advances*. Amtrak's payments of up to $10,000.00 to a passenger. This category shall not include any gratuitous payments made by Amtrak immediately following the derailment for funeral, transportation or lodging expenses.

C.   *Prior settlements*. Amtrak's payments to resolve unfiled claims or filed lawsuits arising from the derailment of Train 188.

D.   *Unfiled Passengers*. The aggregate estimated value of compensatory damages for the claims of any Unfiled Passengers. This amount shall be determined by the Court upon consultation with the PMC and Amtrak. The PMC, on behalf of Plaintiffs, and Amtrak shall have the right to withdraw from the Settlement Program within 15 days after the Court determines this value.

4

E. *Non-Participating Plaintiffs*. The aggregate estimated value of compensatory damages for the claims of any Non-Participating Plaintiffs. This value shall be determined by the Court upon consultation with the PMC and Amtrak. The PMC, on behalf of Plaintiffs, and Amtrak shall each have the right to withdraw from the Settlement Program within 15 days after the Court determines this value.

10. The amount tendered by Amtrak pursuant to paragraph 9 is the "Settlement Fund," which shall be held as directed and supervised by the Court.

11. Contemporaneous with tendering the Settlement Fund, Amtrak shall provide the Court with a report setting forth all prior payments by Amtrak for medical and rehabilitative care of a Participating Plaintiff and all prior advances by Amtrak of up to $10,000.00 to a Participating Plaintiff, consistent with paragraphs 9A-B of this Order.  Amtrak need not provide information concerning any gratuitous payments made by Amtrak immediately following the derailment for funeral, transportation or lodging expenses.

**Participating Plaintiffs**

12. On or before <u>Tuesday, December 20, 2016</u>, the Court shall appoint two Masters who will review the submissions of Participating Plaintiffs. The Masters shall apply Pennsylvania law in their damages analysis. The Masters shall make a recommendation to the Court concerning the total compensatory damages to be awarded to each Participating Plaintiff. The Masters shall not include any award of punitive damages in their recommendations.

13. Prior to submitting recommended awards to the Court, the Masters shall review all recommendations for uniformity, consistency, and fairness.

14.     The Court shall supervise and periodically authorize payments for implementation of the Settlement Program, including payments to the Masters for their fees and expenses.

15.     On or before Tuesday, December 20, 2016, each Participating Plaintiff shall submit to the Masters a memorandum setting forth his or her claimed damages and the basis of the claims. The memorandum shall:

> A.     Include all documents and materials that the Participating Plaintiff believes may be relevant to a determination of his or her total compensatory damages. Such documents and materials may include, for example, the completed Damage Questionnaire, medical records, tax returns, video presentations, and reports by physicians and/or experts.
>
> B.     Include information possessed by the Participating Plaintiff concerning any prior payments by Amtrak for medical and rehabilitative care and any prior advances by Amtrak of up to $10,000.00 to a passenger, consistent with paragraphs 9A-B of this Order.
>
> C.     Declare which of the two following procedures the Participating Plaintiff chooses for the evaluation of his or her claim by the Masters:  the Expedited Track or the Standard Track.
>
> > i.     Under the Expedited Track, the Masters shall determine a Participating Plaintiff's compensatory damages based solely on the Participating Plaintiff's submissions described in paragraph 15A. There shall be no hearing.
> >
> > ii.    Under the Standard Track, the Masters shall determine a Participating Plaintiff's compensatory damages based on

6

submissions described in paragraph 15A and an evidentiary
hearing.

16.     On or before <u>Tuesday, December 20, 2016</u>, Amtrak shall provide the Masters
with a report setting forth all prior payments by Amtrak for medical and rehabilitative care of a
Participating Plaintiff and all prior advances by Amtrak of up to $10,000.00 to a Participating
Plaintiff, consistent with paragraphs 9A-B of this Order. Amtrak need not provide information
concerning any gratuitous payments made by Amtrak immediately following the derailment for
funeral, transportation or lodging expenses. Amtrak otherwise shall take no part in Expedited
Track or Standard Track proceedings.

17.     On or before <u>Friday, April 28, 2017</u>, the Masters shall have completed all
Standard Track hearings and shall have reviewed all documents and materials submitted by
Participating Plaintiffs concerning their total compensatory damages.

18.     On or before <u>Friday, May 26, 2017</u>, applying Pennsylvania law, the Masters shall
provide the Court with a written report setting forth their recommendations of the total
compensatory damages for each Participating Plaintiff. This amount shall include any prior
payments by Amtrak for medical and rehabilitative care and any prior advances by Amtrak,
consistent with paragraphs 9A-B of this Order. This amount shall not include any gratuitous
payments made by Amtrak immediately following the derailment for funeral, transportation or
lodging expenses. The Masters' report shall set forth the basis for each recommendation.

19.     Following receipt of the Masters' recommendations, the Court shall undertake a
substantive and comprehensive inquiry into the consistency, uniformity, and fairness of the
Masters' recommendation concerning each Participating Plaintiff and the recommendations

relative to one another. The Court may adjust any recommendation concerning any Participating Plaintiff.

20.     On or before Friday, June 30, 2017, the Court shall notify each Participating Plaintiff of its findings concerning (1) the total compensatory damages suffered by the Participating Plaintiff; (2) the adjusted compensatory damages suffered by the Participating Plaintiff (as defined in paragraph 21); and (3) the Participating Plaintiff's final award (as defined in paragraph 22).

21.     To determine the "adjusted compensatory damages" for each Participating Plaintiff, the Court will subtract from the Participating Plaintiff's total compensatory damages the amount of any prior payments by Amtrak for medical and rehabilitative care and any prior advances by Amtrak, consistent with paragraphs 9A-B of this Order. The resulting sum shall be the Participating Plaintiff's adjusted compensatory damages.

22.     To determine each Participating Plaintiff's "final award," the Court will adjust the aggregate of the Participating Plaintiffs' adjusted compensatory damages on a *pro rata* basis to match the Settlement Fund. The Court will be guided by the following considerations:

> A.     If the aggregate of the Participating Plaintiffs' adjusted compensatory damages *equals* the Settlement Fund, then each Participating Plaintiff's final award shall equal his or her adjusted compensatory damages.
>
> B.     If the aggregate of the Participating Plaintiffs' adjusted compensatory damages is *less than* the Settlement Fund, then each Participating Plaintiff's adjusted compensatory damages shall be increased *pro rata* so that the aggregate of all adjusted compensatory damages equals the

Settlement Fund. The Participating Plaintiff's final award shall equal the Participating Plaintiff's increased adjusted compensatory damages.

C. If the aggregate of the Participating Plaintiffs' adjusted compensatory damages is *greater than* the Settlement Fund, then each Participating Plaintiff's adjusted compensatory damages shall be decreased *pro rata* so that the aggregate of all adjusted compensatory damages equals the Settlement Fund. The Participating Plaintiff's final award shall equal the Participating Plaintiff's decreased adjusted compensatory damages.

23.     On or before <u>Friday, July 14, 2017</u>, an accounting shall be made of the accrued interest of the Settlement Fund from the date of deposit until this date. This amount, less any sums applied to pay for the costs of the Settlement Program pursuant to Order of this Court, shall be distributed on a *pro rata* basis to Participating Plaintiffs and added to the final awards.

24.     In order to receive disbursement of settlement funds, Participating Plaintiffs shall provide a general release acceptable to Amtrak, including but not limited to its employees and insurers. Under the general release, Participating Plaintiffs agree to provide all necessary information for Amtrak to comply with Medicare reporting pursuant to Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007, 42 U.S.C. § 1395y, bear the responsibility for satisfying any outstanding liens, and indemnify, defend, and hold harmless Amtrak and its insurers with respect to such liens. Any disputes regarding Medicare or other liens shall be resolved by the Court prior to payment of the amounts in dispute. No payment to any Plaintiff shall be held other than any disputed amount.

25.     Upon direction of the Court, each Participating Plaintiff's final award shall be distributed. The cases of all Participating Plaintiffs shall be dismissed with prejudice.

**Non-Participating Plaintiffs**

26.     On or before <u>Tuesday, December 20, 2016</u>, the Court shall hold an individual conference with each Non-Participating Plaintiff and his or her counsel. The Non-Participating Plaintiffs and their counsel shall be prepared to discuss with the Court the Settlement Program and their reason for electing not to participate.

27.     After <u>Tuesday, December 20, 2016</u>, all Non-Participating Plaintiffs' cases shall be stayed until all distributions from the Settlement Fund have been made to Participating Plaintiffs and all cases of Participating Plaintiffs have been dismissed.

> A.     After the conclusion of the Settlement Program, the PMC shall meet and confer with Amtrak's counsel to formulate a plan for the remainder of the litigation.

> B.     Non-Participating Plaintiffs who filed suit in a federal district other than this district shall be required to file a statement with the Court concerning whether, under *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), they waive their right to have their case remanded for trial in the district court in which suit was originally filed.

> C.     The Court shall schedule Rule 16 conferences regarding discovery with each Non-Participating Plaintiff. The Court shall conduct trials for those cases filed originally in the United States District Court for the Eastern District of Pennsylvania and those in which the Non-Participating Plaintiffs waive remand under *Lexecon*.

> D.     For each such trial, the Court shall determine the law applicable to the Non-Participating Plaintiff's claims under a conflict of law analysis.

E.      Any claims for punitive damages will be deferred and bifurcated until all

compensatory damages awards have been determined and all rights of

appeal regarding compensatory damages have been exhausted. During this

deferral period there shall be no discovery on liability for punitive

damages. Any claim for punitive damages shall remain under the

supervision of MDL No. 2654 until the Court orders otherwise.

28.     Pursuant to Fed. R. Civ. P. 62, all judgments in all cases filed by Non-Participating Plaintiffs shall be stayed until all cases of all Non-Participating Plaintiffs are tried and all appeals are exhausted. No pre-judgment or post-judgment interest shall accrue on these judgments. Amtrak shall not be required to obtain or post a bond pending appeal.

29.     Judgments entered in favor of Non-Participating Plaintiffs shall not be distributed until the final disposition of all appeals in all cases. To the extent the aggregate judgments exceed the difference between the Settlement Fund and $295 million, those judgments will be adjusted *pro rata* by the Court.

BY THE COURT:

/s/ Legrome D. Davis

Legrome D. Davis, J.

# EXHIBIT A

**Letter to Counseled Unfiled Passengers**

Dear _____:

      Our law firm, Landman Corsi Ballaine & Ford P.C., represents National Railroad Passenger Corporation ("Amtrak") in the litigation arising from the derailment of Amtrak Train 188 on May 12, 2015, in Philadelphia, Pennsylvania. As you may know, all lawsuits filed by passengers relating to the derailment of Train 188 are being consolidated in the United States District Court for the Eastern District of Pennsylvania before Judge Legrome D. Davis.

      Our records indicate that you are representing a client who was a passenger on Train 188 and who has not yet filed a lawsuit. This letter is to advise you and your client that a Settlement Program has been approved by the Honorable Legrome D. Davis and is available to all persons who have claims arising from Train 188's derailment. This program is available to all passengers who have filed lawsuits, as well as all passengers who file lawsuits by **January 31, 2017**. A copy of the Court Order establishing the Settlement Program and outlining its procedures is enclosed. If your client does not file a lawsuit by January 31, 2017, he or she would be unable to participate in the Settlement Program, which will evaluate the claims of, and more expeditiously provide compensation to, all plaintiffs who participate. We request that you contact our office as soon as possible to discuss the Settlement Program and the status of your client's potential claims.

      We also have enclosed a Claim Status Form for you to review with your client. We request that you return the completed form to our office by **November 10, 2016**, in the enclosed self-addressed stamped envelope. The form requests that you indicate whether your client:

      1.      will be filing a lawsuit prior to January 31, 2017;

2.      will not file a lawsuit, and instead would be interested in resolving any claim directly with the Amtrak Claims Department, in which case an Amtrak Claims Representative will promptly contact you; or

3.      has not suffered any injuries or will not be pursuing a claim or lawsuit.

If your client decides to file a lawsuit by January 31, 2017, please note that he or she will need to advise the Court whether he or she intends to participate in the Settlement Program.  If your client decides to participate, a court-appointed master will review the evidence of each plaintiff's compensatory damages and make a recommendation to the Court concerning the total compensatory damage to be awarded each plaintiff. Final awards to all plaintiffs participating in the Settlement Program are expected to be paid out before the end of 2017.

NEITHER OUR LAW FIRM NOR THE AMTRAK CLAIMS REPRESENTATIVES CAN GIVE YOU OR YOUR CLIENT LEGAL ADVICE WITH RESPECT TO THIS MATTER. IN ORDER TO FULLY PROTECT YOUR RIGHTS, WE URGE YOU TO REVIEW THE ENCLOSED COURT ORDER REGARDING THE SETTLEMENT PROGRAM AND DISCUSS IT WITH YOUR CLIENT.

Please do not delay in speaking to your client, as there are important deadlines set forth in the Settlement Program and your client may lose certain rights if he or she misses an upcoming deadline. We look forward to receiving your Claim Status Form by November 10, 2016.

Thank you for your cooperation and please do not hesitate to contact our office if you have any questions or concerns.

**AMTRAK TRAIN 188 DERAILMENT**
**CLAIM STATUS FORM**

This form is directed to counsel for Train 188 passengers who have not yet filed suit. Amtrak and its counsel request that you please advise as to the status of your client's potential claim by completing this form. Please fill in the information requested below, select one of the boxes, and return this form in the self-addressed stamped envelope provided, by **November 10, 2016**. Thank you for your prompt attention to this matter.

Client's Name: _____

Client's Address: _____

_____

_____

Counsel's Name: _____

Counsel's Address: _____

_____

_____

Counsel's Telephone: _____

Counsel's Email: _____

☐  My client will file a lawsuit prior to January 31, 2017.

☐  My client prefers not to file a lawsuit, and instead prefers to resolve the claim directly with the Amtrak Claims Department. I understand that a Claims Representative will contact me to discuss the claim.

☐  My client has not suffered any injuries or losses, and/or does not intend to pursue a claim or lawsuit.

Signature:_____  Date: _____

# EXHIBIT B

### Letter to Uncounseled Unfiled Passengers

Dear _____:

     Our law firm, Landman Corsi Ballaine & Ford P.C., represents National Railroad Passenger Corporation ("Amtrak") in the litigation arising from the derailment of Amtrak Train 188 on May 12, 2015, in Philadelphia, Pennsylvania. Our records indicate that you were a passenger on Train 188 but have not yet filed a lawsuit. On behalf of Amtrak, we apologize for this tragic accident and express our hope that you have recovered from any injuries you may have suffered.

     Please be advised that all lawsuits filed by passengers relating to the Train 188 derailment are being consolidated in the United States District Court for the Eastern District of Pennsylvania before Judge Legrome D. Davis.

     This letter is to advise you that a Settlement Program has been approved by the Court and is available to all persons who have filed a lawsuit arising from Train 188's derailment. This program is available to all passengers who have pending lawsuits, as well as all passengers who file lawsuits by **January 31, 2017**. A copy of the Court Order establishing the Settlement Program and outlining its procedures is enclosed with this letter. As you will see from the Order, if you do not file a lawsuit by January 31, 2017, you will be unable to participate in the Settlement Program, which will evaluate the claims of, and expeditiously provide compensation to, all plaintiffs who participate.

     If you have retained an attorney, please provide this letter and the enclosures to him or her. We request that all attorneys representing passengers contact our office as soon as possible to discuss the Settlement Program and the status of their clients' claims.

We also have enclosed a Claim Status Form for you to review. We request that you return the completed form to our office by **November 10, 2016**, in the enclosed self-addressed stamped envelope. The form requests that you indicate your status with respect to potential claims. Please identify whether you:

1.      will be filing a lawsuit prior to January 31, 2017;

2.      prefer not to file a lawsuit, and instead prefer to resolve your claim directly with the Amtrak Claims Department, in which case an Amtrak Claims Representative will promptly contact you; or

3.      have not suffered any injuries and/or will not be pursuing a claim or lawsuit.

Please return this Claim Status Form by November 10, 2016.

If you decide to file a lawsuit by January 31, 2017, please note that you will need to advise the Court whether you intend to participate in the Settlement Program. If you decide to participate, a court-appointed master will review your submissions regarding compensatory damages, as further discussed in the enclosures, and make a recommendation to the Court concerning the award. Final awards to all plaintiffs participating in the Settlement Program are expected to be paid out before the end of 2017.

If you have not retained an attorney and have any questions about this letter or the documents enclosed, you may contact Amtrak Claims Representative _____ at _____. If you have already retained an attorney or will do so, please have your attorney contact our office.

NEITHER OUR LAW FIRM NOR THE AMTRAK CLAIMS REPRESENTATIVES CAN GIVE YOU LEGAL ADVICE WITH RESPECT TO THIS MATTER. IN ORDER TO

FULLY   PROTECT   YOUR   RIGHTS,   WE   URGE   YOU   TO   SEEK   LEGAL REPRESENTATION AS SOON AS POSSIBLE.

Please do not delay in retaining or speaking to your attorney, as there are important deadlines set forth in the Court's Settlement Program and you may lose certain rights if you miss the upcoming deadline. We look forward to receiving your Claim Status Form by November 10, 2016.

Again, Amtrak sincerely regrets this tragic accident and its consequences. Thank you for your cooperation.

**AMTRAK TRAIN 188 DERAILMENT**
**<u>CLAIM STATUS FORM</u>**

This form is directed to Train 188 passengers who have not yet retained an attorney. If you have retained an attorney, please provide this form and the enclosure letter to him/her as soon as possible.

Amtrak requests that you please advise it of the status of your potential claim by completing this form. Please fill in the information requested below, select one of the boxes, and return this form in the self-addressed stamped envelope provided by **November 10, 2016**. Thank you for your prompt attention to this matter.

Name: _____

Address: _____

_____

_____

Telephone: _____

Email: _____

☐    I will retain counsel and will file a lawsuit prior to January 31, 2017.

☐    I prefer not to file a lawsuit, and instead prefer to resolve my claim directly with the Amtrak Claims Department. I understand that a Claims Representative will contact me to discuss my claim.

☐    I have not suffered any injuries or losses, and/or I do not intend to pursue a claim or lawsuit.

Signature:_____     Date: _____

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: AMTRAK TRAIN DERAILMENT   :
IN PHILADELPHIA, PENNSYLVANIA   :
ON MAY 12 2015   :
_____   :   MDL NO. 2654
  :   15-md-2654
This Document Relates to All Actions   :
  :
_____   :

PLAINTIFF PARTICIPATION AGREEMENT

Name: _____

Court and Docket No.: _____

Plaintiff's Attorney(s): _____

[Check one of the two boxes set forth below.]

☐    a.    Plaintiff elects to participate in the settlement program described in the Court's Order dated October 27, 2016. Plaintiff acknowledges that he or she is subject to those provisions of the Order that apply to "Participating Plaintiffs."

☐    b.    Plaintiff elects not to participate in the settlement program described in the Court's Order dated October 27, 2016. Plaintiff acknowledges that he or she is subject to those provisions of the Order that apply to "Non-Participating Plaintiffs." Plaintiff also contemporaneously submits an executed "Client Declaration," attached as Exhibit C to the Court's Order.

Name: _____      _____

Date: _____

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: AMTRAK TRAIN DERAILMENT : | |
| IN PHILADELPHIA, PENNSYLVANIA : | |
| ON MAY 12 2015 : | |
| ———————————————— : | MDL NO. 2654 |
| : | 15-md-2654 |
| This Document Relates to All Actions : | |
| : | |
| ———————————————— : | |

## PLAINTIFF-CLIENT DECLARATION

Name: _____

Caption, Court, Docket No.: _____

Plaintiff's Attorney(s): _____

      I, _____, declare as follows:

      1.     I have met and conferred with my counsel representing me in my case against Amtrak for injuries and/or damages as a result of the Amtrak Train 188 derailment on May 12, 2015.

      2.     I have been provided with a copy of the Court's Order dated October 27, 2016, and have had the opportunity to review the Order and discuss it with my attorney.

      3.     I understand that I have the opportunity to participate in the Settlement Program established in the Order.

      4.     I understand that by electing not to participate in this Settlement Program:

- My counsel and I shall be required to appear before the Court to discuss my election not to participate.

- My case will be stayed until all distributions from the Settlement Fund have been made and all cases of Participating Plaintiffs have been dismissed.

- I may be subject to the laws and limitations of the state of my residence concerning my damages. Amtrak has advised it will file pre-trial motions concerning the law governing damages and the categories of compensable injury under the applicable law.

- Amtrak has advised it may seek remittitur following any verdict.

- Amtrak has advised it may appeal any judgment.

- Several years may pass before my case reaches trial. Any judgment I receive may be reduced by the Court.

- Any judgment I receive will be stayed pending the trial and appeal of all lawsuits brought by all other Non-Participating Plaintiffs.

- The amount of my judgment may be reduced if the total of all judgments entered in favor of all Non-Participating Plaintiffs causes Amtrak's total liability arising from the derailment to exceed $295 million.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on:   _____


Name:   _____         _____